UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL CONNER,** | ) CASE NO. 1: 15 CV 1273 |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **GRAFTON CORRECTIONAL INSTITUTION**, *et al.*, | ) |
| Defendants. | ) |

**CHRISTOPHER A. BOYKO, J.:**

**Background**

*Pro se* Plaintiff Michael Conner, a state prisoner incarcerated in the Grafton Correctional Institution ("GCI"), filed this civil rights action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. He names GCI, Health Care Administrator Daniel Hanna and Dr. Houghlan as Defendants.

The Plaintiff complains of the medical care he received for a cyst on his forehead. He alleges he saw Dr. Houghlan about the cyst on September 9, 2014. Dr. Houghlan attempted to

remove the cyst for the Plaintiff in an office procedure, but the procedure had to be stopped due to heavy bleeding. Dr. Houghlan sutured the lesion and Plaintiff was informed the cyst was not harmful and that no further steps would be taken to remove it. The Plaintiff filed a grievance, claiming his cyst was not properly treated and that it left a scar on his forehead; however, his grievance was denied on the grounds that the State considered removing the cyst to be a cosmetic procedure and his lesion not harmful.

The Plaintiff seeks "proper medical treatment" for his cyst, including referral for "surgical intervention," as well as $100,000 in compensatory damages.

### Analysis

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§1915(e) and 1915A, to screen and dismiss before service any *in forma pauperis* action, and any action brought by a prisoner against a governmental official or employee, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Not every claim by a prisoner that he has received inadequate medical treatment states a constitutional deliberate indifference claim. To state a deliberate indifference claim under

the Eighth Amendment, a prisoner must demonstrate objective and a subjective components. He must show both that his medical condition posed a "substantial risk of serious harm" to him and that the defendant acted with "deliberate indifference" to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice." *Jennings v. Al-Dabagh*, 97 Fed. App'x 548, 549-50 (6th Cir. 2004). "Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim." *Id*.

Accordingly, it is well-established that differences in judgment between an inmate and prison medical staff regarding the appropriate diagnosis and treatment of an inmate are insufficient to demonstrate a constitutional claim. Even if mistakes are made by medical staff in diagnosis or treatment, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

The Plaintiff's allegations do not support a plausible constitutional claim. Even liberally construed, his allegations do not support plausible inferences either that the Plaintiff's cyst posed a "serious risk of harm" to him, or that any of the Defendants were "deliberately indifferent" to such risk. To the contrary, the Plaintiff's pleading on its face indicates the Plaintiff received medical attention for his cyst and it was determined the cyst was not harmful to him.

Although the Plaintiff believes the cyst should be surgically removed and contends Dr. Houghton engaged in an improper procedure to remove it, his allegations at the most suggest the Plaintiff disagrees with the type of care he was provided and/or that Dr. Houghton committed negligence under state tort law, but his allegations are insufficient to plausibly suggest that any Defendant in the case was "deliberately indifferent" to his serious medical needs within the meaning of the Eighth Amendment.  *See Dodson v. Wilkinson*, 304 Fed. App'x 434, 440 (6th Cir. 2008) (A prisoner's disagreement with the testing and treatment he receives is insufficient to rise to the level of an Eighth Amendment violation).

## Conclusion

Accordingly, for the reasons stated above, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


                s/ Christopher A. Boyko
                **CHRISTOPHER A. BOYKO**
                **United States District Judge**

**Dated:**  October 20, 2015